**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO  DIVISION**

**BOBBY LEE ROBERTSON**                                                    **PETITIONER**

**v.**                                      **CIVIL No. 1:12-CV-1002**

**SHAUN HILDRETH**                                                         **RESPONDENT**


**REPORT AND RECOMMENDATION**

Now before the Court is Petitioner, **BOBBY LEE ROBERTSON's**, Petition for Writ of *Habeas Corpus*.  ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Susan O. Hickey, District Judge for the Western District of Arkansas.  For the following reasons, it is the recommendation of the undersigned that the Petition, ECF No. 2, be **DISMISSED without prejudice** for failure to prosecute this action and for failure to obey an Order of the Court.

**I.**     **Background**

This matter was initially filed as civil case pursuant to 28 U.S.C. § 1983.  ECF No. 1.  The case was filed in the Eastern District of Arkansas on January 12, 2012.  That court transferred the case to the Western District of Arkansas by Order dated January 17, 2012.  ECF No. 3.  Upon initial review of the complaint, this Court determined the Petitioner was actually seeking relief from a criminal conviction and release from confinement.   As a result, this Court interpreted the claims for relief as claims pursuant to 28 U.S.C. § 2254.  ECF No. 6.    Petitioner did not pay the filing fee.

On January 24, 2012, the Court entered an order directing the Clerk of Court to provide the authorized form for filing a § 2254 petition, along with and application to proceed *in forma pauperis*

-1-

("IFP") to the Petitioner.  ECF No. 6.  Petitioner was instructed to complete both the § 2254 Petition and the application to proceed IFP on or before March 1, 2012.  ECF No. 6.  On April 4, 2012, Petitioner sent correspondence to the Court inquiring about the status of his case.  ECF No. 7.  On May 9, 2012, the Clerk re-mailed the § 2254 and IFP forms to the Petitioner.  On June 28, 2012, the Court entered its order granting an extension of time to Petitioner allowing him until August 1, 2012 to complete and return the § 2254 and IFP forms as previously ordered.  ECF No. 8.  As of the date of this Report and Recommendation, no further pleadings or correspondence have been received from the Petitioner.  In the Court's Order of June 28, 2012, Petitioner was advised as follows: "**ROBERTSON is advised that failure to comply with this Order will result in a recommendation that this matter be dismissed**."  ECF No. 8 (emphasis in original).

## II.   <u>Applicable Law:</u>

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (holding the district court posses the power to dismiss a case *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

Further, dismissal with prejudice is an extreme sanction and is only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The district court does not,

however, need to find Petitioner acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III.   <u>Discussion</u>:

As demonstrated above, by failing to respond to this Court's Orders of January 24, 2012 and June 28, 2012, Petitioner has failed to comply with an order of this Court.  Petitioner failed to comply, despite being warned that his failure to respond would result in the case being "dismissed." ECF No. 8.  Neither of the Orders directing Petitioner to complete and file the § 2254 and IFP forms were returned to this Court as undeliverable.  The actual § 2254 and IFP forms mailed to Petitioner were not returned to the Court as undeliverable.  Based upon this information, the Court finds Petitioner has been provided with adequate notice that his case would be dismissed for failure to comply with the Court's order, and he was also provided ample opportunity to complete the § 2254 and IFP forms and return them to the Court.  Accordingly, this case should be dismissed without prejudice for failure to follow the Court's Order pursuant to Rule 41(b).

## IV.   <u>Conclusion</u>:

For the foregoing reasons, I recommend the above-styled case be **DISMISSED** without prejudice[1] on the grounds that Petitioner has failed to comply with the Court's order.  *See* FED. R. CIV. P. 41(b).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

---

[1] Because there is no evidence of "willful disobedience," this Court recommends dismissal without prejudice and not dismissal with prejudice.  *See Hunt,* 203 F.3d at 527.

objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

IT IS SO ORDERED this 27th day of August 2012.


/s/ Barry A. Bryant
HON. BARRY A.  BRYANT
U. S. MAGISTRATE JUDGE

-4-